IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLARENCE H. LEE, JR.,                )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION NO.
VS.                                  )
                                     )        3:23-CV-0584-G
UNITED STATES,                       )
                                     )
        Defendant.                   )


MEMORANDUM OPINION AND ORDER

Before the court is the motion to dismiss of the defendant United States of America ("the government" or "the United States") pursuant to FED. R. CIV. P. 12(b)(1) or, alternatively, for summary judgment (docket entry 14). For the following reasons, the motion is granted.

I. BACKGROUND

On March 1, 2020, the Department of Veteran Affairs ("VA") entered into a one-year contract with the University of Texas Southwestern Medical Center ("UTSW") under which UTSW furnished board-certified physicians to perform neurosurgery physician services at the VA's North Texas Veterans Health Care Center located in Dallas, Texas ("the Dallas VA"). *See generally* Index to Defendant's

Motion to Dismiss, or Alternatively, Motion for Summary Judgment ("Defendant's

Appendix") (docket entry 17) at App'x 078-App'x 143.  The government asserts that

"[p]ursuant to the express terms of the Contract, UTSW physicians who perform

neurosurgery services at the Dallas VA are not, and have no status as, a VA

employee."  Motion to Dismiss for Lack of Subject Matter Jurisdiction, or

Alternatively, Motion for Summary Judgment ("Motion") (docket entry 14) at 3.

The contract reads, in pertinent part, as follows:

> 2.3.  <u>Non- Personal Healthcare Services:</u>  The parties agree
> that the Contractor and all Contract physicians shall not
> be considered VA employees for any purpose.
>
> 2.4.  <u>Indemnification:</u>  The Contractor shall be liable for,
> and shall indemnify and hold harmless the Government
> against, all actions or claims for loss of or damage to
> property or the injury or death of persons, arising out of or
> resulting from the fault, negligence, or act or omission of
> the Contractor, its agents, or employees.
>
> * * *
>
> 2.7.  <u>No Employee status:</u>  The Contractor shall be
> responsible for protecting Contract physicians furnishing
> services.
>
> * * *
>
> 2.8.  <u>Tort Liability:</u>  The Federal Tort Claims Act does not
> cover Contractor or Contract physicians.  When a
> Contractor or Contract physician has been identified as a
> provider in a tort claim, the Contractor shall be responsible
> for notifying their legal counsel and/or insurance carrier.
> Any settlement or judgment arising from a Contractor's (or

Contract physician'(s)) action or non-action shall be the
responsibility of the Contractor and/or insurance carrier.

\* \* \*

4.3.1.  Resident Supervision/Teaching:  According to the
guidelines dictated by the Residency Review Committee of
ACGME, Contract physicians performing the services shall
be responsible for residents.

\* \* \*

It is expressly agreed and understood that this is a non-
personal services contract, as defined in Federal
Acquisition Regulation (FAR) 37.101, under which the
professional services rendered by the Contractor or its
health-care providers are rendered in its capacity as an
independent contractor.  The Government may evaluate
the quality of professional and administrative services
provided but retains no control over professional aspects of
the services rendered, including by example, the
Contractor's or its health-care providers' professional
medical judgment, diagnosis, or specific medical
treatments.  The Contractor and its health-care providers
shall be liable for their liability-producing acts or
omissions.

Defendant's Appendix at App'x 094-App'x 095, App'x 098, App'x 134.

On October 28, 2020, and November 3, 2020, Dr. Russell A. Payne ("Payne"),

as attending neurosurgeon, and Dr. Om J. Neeley ("Neeley"), as surgical resident,

performed spinal surgeries on the plaintiff Clarence H. Lee, Jr. ("Lee") at the Dallas

VA.  Motion at 2.

On June 23, 2022, Lee timely submitted an administrative tort claim to the

VA in which he asserted that "[t]he Dallas VA Medical Center, their employees,

agents, representatives and/or contractors were negligent during the the [sic] October 28, 2020 minimally evasive decompressive lamenictomy at L2 and L3, by causing injury to Claimant's spinal cord . . . ."  *See* Defendant's Appendix at App'x 146-App'x 147; see also *id*. at App'x 146 ("On November 3, 2020 VA Dallas Medical Center performed [a surgery] in an effort to repair the the [sic] spinal cord in [sic] injury."). On the claim form, Lee listed Payne and Neeley as witnesses and provided the same address for both – *i.e*., "UT Southwestern–Neurosurgery at Texas Health Dallas, 8320 Walnut Hill Lane, Ste. 514 Bldg 3 Dallas, Texas 75231[.]"  See *id*. at App'x 146.

By letter dated September 27, 2022, the VA Office of General Counsel ("OGC") advised Lee that Lee's surgeries were performed by a contract physician, not a VA employee.  See *id*. at App'x 148-App'x 149.  This was followed by OGC's denial of Lee's administrative tort claim by letter dated September 29, 2022.  See *id*. at App'x 150; see also *id*. ("The FTCA covers acts of Government employees, not contractors.  Dr. Russell A. Payne was an [sic] contractor at the time he treated your client.  The FTCA does not provide any authority to pay for claims for negligence possibly attributable to Dr. Payne or his employer, the University of Texas Southwestern Medical Center/Southwestern Medical School.").

On October 28, 2022, Lee filed suit against UTSW, Payne, and Neeley in the 193rd Judicial District Court of Dallas County, Texas ("state court").  Motion at 4;

*see also* Defendant's Appendix at App'x 010-App'x 018.  On May 11, 2023, UTSW

moved to dismiss Lee's claims against Payne and Neeley in state court.  *See generally*

Defendant's Appendix at App'x 019-App'x 062.  UTSW, a governmental unit, argued

that it was the only proper party to the lawsuit as UTSW employed Payne and

Neeley.  Motion at 4; *see also* Defendant's Appendix at App'x 021 ("[I]f a plaintiff

files suit against both the governmental unit and its employee, the employee <u>must</u> be

dismissed when the governmental unit files a motion to dismiss.") (emphasis in the

original).  On June 29, 2023, the state court granted UTSW's motion and dismissed

Payne and Neeley from the lawsuit.  Motion at 5.  On August 3, 2023, the state

court granted UTSW's motion to dismiss Lee's claims against it for failure to timely

serve an expert report.  *Id*.; *see also* Defendant's Appendix at App'x 070.

On March 16, 2023, Lee filed the instant suit in this court against the United

States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and

2671, *et seq*., seeking monetary damages resulting from personal injuries to Lee.  *See*

*generally* Plaintiff's Original Complaint (docket entry 1).  Specifically, Lee alleges that

"Defendant[] and/or by and through Defendant's agents, servants, representation

[sic] and/or employees, acting within the scope of their employment" negligently

performed Lee's surgeries.  *Id*. ¶ 5.  Lee avers that such negligence caused him

"mental and physical pain and suffering, physical impairment and lost income."  *Id*.

The United States now moves to dismiss Lee's complaint on the ground that the

waiver of sovereign immunity contained within the FTCA is limited to suits based on the negligent acts of employees of the United States, and that Payne and Neeley were not such employees but independent contractors.  *See generally* Motion.

## II.  ANALYSIS

### A.  Standard for Rule 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States.  *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court.  *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).  Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071.

The standard for reviewing a motion under Rule 12(b)(1) depends on whether a defendant makes a facial or factual attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). A defendant makes a factual attack by providing affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court. *Id.* In a factual attack, the plaintiff is required to submit facts in support of jurisdiction and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

## B.  Federal Tort Claims Act

"The FTCA gives federal district courts jurisdiction over claims against the United States for money damages 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)). "It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535,

538 (1980)).  The FTCA is such a waiver of sovereign immunity.  *Id.* (citing 28 U.S.C. § 1346(b)). This waiver, however, is limited.

The FTCA is a limited waiver of sovereign immunity which subjects the United States to liability for personal injury or death caused by "the negligent or wrongful act or omission of any employee of the Government . . . ."  28 U.S.C. § 1346(b).  "An employee of the government" includes "officers or employees of any federal agency . . . ."  28 U.S.C. § 2671.  "'Federal agency' includes the executive departments . . . and . . . independent establishment of the United States . . . but does not include any contractor with the United States."  *Id.*  By the terms of the statute, independent contractors are not government employees, and the government is not liable for their negligence.  See *United States v. Orleans*, 425 U.S. 807, 813-14 (1976); *Logue v. United States*, 412 U.S. 521, 528 (1973).  Therefore, if the act in question was not committed by an "employee of the Government," then the court must dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). *Linkous*, 142 F.3d at 275.

The Fifth Circuit has repeatedly held that contracted physicians who perform services for the government are independent contractors.  See, *e.g.*, *Mantiply v. United States*, 634 Fed. Appx. 431, 434 (5th Cir. 2015); *Peacock v. United States*, 597 F.3d 654, 659-60 (5th Cir. 2010); *Linkous*, 142 F.3d at 276-77.  The critical factor in determining whether an individual is an employee of the government or an

- 9 -

independent contractor is the power of the federal government to control the detailed physical performance of that individual. *Orleans*, 425 U.S. at 814; see also *Rodriguez v. Sarabyn*, 129 F.3d 760, 765 (5th Cir. 1997) (citing Restatement (Second) of Agency § 220(2) ("§ 220")).  If the government lacks the power to directly control an individual, then the court must look at other factors before deciding the individual's status as employee or independent contractor.  See *Rodriguez*, 129 F.3d at 765.  Although such a determination does not require mathematical precision, if the government lacks the power to control an individual, plus several factors listed in § 220 weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor.  Here, there is no evidence that the government exercised any power over Payne or Neeley that would have allowed it to control the "detailed physical performance" of the surgeons.  In addition, consideration of the other § 220 factors, in particular factors (a)-(d) and (f)-(j), leads to the conclusion that Payne and Neeley were independent contractors.  See *Peacock*, 597 F.3d at 659-61 (a cardiologist employed by UTSW and supplied physician services to the Dallas Veterans Administration Medical Center by contract was an independent contractor).  Moreover, the United States has provided this court with the declaration of Marisela Galarza ("Galarza").  *See* Defendant's Appendix at App'x 072-App'x 077.  Galarza is a supervisory contract specialist employed by the VA, and

- 10 -

the declaration makes clear that Payne and Neeley were independent contractors with, and not employees of, the United States. See *id*.

The plaintiff bears the burden of establishing the subject matter jurisdiction of this court. See *Hays*, 515 U.S. at 743. Moreover, "[b]ecause there is no presumption in favor of federal court jurisdiction and that jurisdiction is limited," the plaintiff must affirmatively show the basis for jurisdiction. *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 533 (5th Cir. 1980). Lee failed to respond to the government's challenges to this court's jurisdiction.* *See generally* Plaintiff's Response to Defendant's Motion to Dismiss or Alternatively for Summary Judgment (docket entry 18). He does not contest the government's assertion that Payne and Neeley are independent contractors under the terms of the FTCA. Nor does he dispute the general proposition that under the FTCA, the government is not liable for personal injuries resulting from the negligence of its independent

---

\*       In his cursory response to the government's motion, Lee contends for the first time that Payne, Neeley, and "VA employees and staff members" were "negligent relating medical services" and responsible for a delay in scheduling Lee's second surgery. Plaintiff's Response to Defendant's Motion to Dismiss or Alternatively for Summary Judgment (docket entry 18). He has not sought or been granted leave to amend his complaint to add these allegations, and he has not shown that the defendant consented to an amendment. *See* FED. R. CIV. P. 15(a)(2). To the extent that Lee's response should be construed as a motion to amend, that motion is denied because amendment here would be futile. However, even if Lee amended his complaint to assert these new allegations, he would still fail to establish subject matter jurisdiction under the FTCA.

- 11 -

contractors.  Thus, Lee has failed to meet his burden of establishing that this court possesses subject matter jurisdiction over his claims.  See *Hays*, 515 U.S. at 743; *Kirkland Masonry, Inc.*, 614 F.2d at 533.

It is clear that if Lee's injuries were the result of negligent care, supervision, or training, then those services were performed by Payne and Neeley, as independent contractors and not employees of the United States, for whom the United States is not liable under the FTCA.  Accordingly, this court lacks subject matter jurisdiction under the FTCA, and the government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.

## III.  CONCLUSION

For the reasons discussed, the government's motion to dismiss or, alternatively, for summary judgment is **GRANTED**.  Judgment will be entered dismissing the plaintiff's claims in this case.

**SO ORDERED**.

March 6, 2025.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**

- 12 -